

**BEFORE THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Lyle M. Hanzlick
P.O. Box 86981
Tucson, AZ. 85754
Plaintiff

Vs.

Tom Vilsack
Office of the Secretary of Agriculture
United States Department of Agriculture
Federal Crop Insurance Corporation
USDA/FCIC
1400 Independence Avenue SW
Washington, DC 20250
Defendant

CV-23-00087-TUC-LAB

---

**INTRODUCTION**

All of Us use many Types of Insurance, Fire, Home, Auto, Life. Insurance is a Major part of Life That We use as Security to Financially Protect Us. This Case is a Cotton Crop Insurance Claim that was Denied Within a Declared Cotton Growing Disaster Area. Plaintiff Currently Resides in Pima County. This Cotton Crop was Grown in the Stewart District, North of Willcox, AZ Which is In Cochise County.

Plaintiff is Entitled to Payment with Interest and Liquidated Damages on USDA/FCIC Cotton Insurance Policy 04-003-6285 CY82 Stage II Loss on 37.1 Acres. Initial Claim was Sep.1, 1982. The FCIC Field Inspection Report is Dated Aug.11/1982

This Claim is Within a Declared Cotton Growing Disaster Area. Cotton Growing Conditions were so bad, Plaintiffs Cotton Crop Experienced Extreme Cold and Multiple Hails, Windy Rainstorms. The Governor and the Secretary of Agriculture Declare Cochise County One of Five Arizona Counties Cotton Growing Disaster Areas.

This Declaration Made Low Interest Loans Available from the USDA to Cotton Growers in Five Arizona Counties who did not have Insurance. This Declaration makes it Perfectly Clear that Problems that Occurred with Plaintiffs Crop were due to Nature and Not Crop Management.

After the Cotton Disaster Declaration Farmers were Split into Two Basic Groups Those with USDA/FCIC Insurance and Those Without.

Plaintiff was not Eligible for a Low Interest Loan because Plaintiff had Crop Insurance

Plaintiff was the Only Cotton Insurance Policy Holder in Cochise County to be Rejected.

Plaintiff Stands Alone in Class Within Cochise County

**TIMELINE**

Plaintiff was in Good Standing with all USDA Agencies in Crop Year 1982

Under The Freedom of Information Act Plaintiff Acquired this Information

96 Units of Cotton were Insured in Cochise County in 1982

66 Units of Cotton had an Insurance Payment

29 Units of Cotton did not have an Insurance Payment They made Yield or near Yield

1 Unit of Cotton was Rejected, This Unit was Plaintiff's.

Plaintiff has Continually Requested Payment, on any Given Day Defendant Could Have Reviewed and Settled this Claim. Instead, Defendant Chose to Make Allegations that Plaintiff did not follow Good Farming Practices When in Fact the Defendant Did not Follow Its Own Crop Appraisal Procedures.

To Continually Refuse to Honor an Insurance Policy in a Declared Disaster Area Constitutes Fraud.

Both the Governor of Arizona and The Secretary of Agriculture made the Declaration of a Cotton Growing Disaster Area to Expedite the Process of Disaster Aid. By Providing Low Interest Loans to Farmers in Five Arizona Counties to Cover Cotton Losses.

Emergency Loans are Based on Farm Cotton Base Yield vs. Current Disaster Yield

Secretary John Block says the Disaster is Due to Excessive Rainfall in November and December but Realistically any Cotton Crop Altering Event Throughout the Year, Such as Hail, Cold Weather, Pests, Rust, At the End of the Day, Five Arizona Counties Issued Emergency Cotton Loans Based on Current Harvest Yield vs. Farm Base Yield.

**FINANCIAL IMPLICATION**

This has been a Long Journey; Plaintiff has been Limited to what Actions can be Taken while going through the Appeal Process. In this Case Plaintiff has Financed what is due under USDA/FCIC Cotton Insurance Policy 04-003-6285 CY82 with Simple Interest. It is not Uncommon for the Defendant to Finance Real Property for a Period of 40 to maybe 45 Years.

**ALLEGATIONS**

**COUNT 1**

Plaintiffs Cotton Crop was within a Declared Cotton Growing Disaster Area. Plaintiff is Entitled to Relief under USDA/FCIC Cotton Insurance Policy 04-003-6285 CY82

**COUNT 2**

Plaintiff has Stood Alone in the 1982 Cotton Disaster Class in Cochise County for the Last 40 years. How Hard of Task is it for the Defendant to do it Job and Review and Settle this Claim. The USDA was Making Emergency Cotton Loans in Five Arizona Counties while at the Same Time Rejecting Plaintiffs Cotton Insurance Claim. Plaintiff Alleges that the USDA was Engaging in Fraud as well as Plain Old Spiteful Malice. The USDA/FCIC Uses Liquidated Damages when Farmers Fraud the System. Plaintiff in Relation to all the other Farmers has been Singled Out and Conspired Upon. Plaintiff is Entitled to Liquidated Damages at 100% of Count 1

**IN REVIEW**

Plaintiff Has Continually Argued this Case in Annual Reviews, Once Plaintiff reached the Top Tier of the Administrative Appeal Process Plaintiff Would Expect some Interaction from the Secretary of Agriculture or an Under Secretary but though all this time. Plaintiff Alleges they just want to kick the can down the Road.

Congressional Representative McSally Assisted on setting up the Mandatory Arbitration on January 25, 2018, The USDA/FCIC Defaulted by No Show

On November 17, 2021, Plaintiff Filed Claim with the Arizona Superior Court. After Defendant Default. Plaintiff agrees with the Court that Summons Service was Not done Correctly and Drops Claim.

On April 29, 2022, Plaintiff Re-Submitted his Claim with the Arizona Superior Court on July 5, 2022, The USDA/FCIC Defaulted by No Reply It is ORDERED that The Arizona Superior Court lacks Subject Jurisdiction to Issue a Default Judgement.

On July 22, 2022, Plaintiff Appeals to the Court of Appeals That Simply Put That the Defendant Needed to Defend Defendants Position within the Time Frame or By Common Procedure They would be Found in Default. On January 6, 2023, It Was ORDERED That the Appeal is Deemed at Issue.

**DISCLOSURES**

Plaintiff has done Contract Work with the USDA

As the Only Cotton Crop Insurance Policy Holder that was Rejected in the Cochise County Disaster Area.

Plaintiff is Entitled to Relief under USDA/FCIC Insurance Policy 04-003-8285 with Interest Accrued as well as Liquidated damages

As of February 21, 2023, The Amount Due is **$ 36,724,799.02**

Interest is @ 21% APR Liquidated Damages are 50% of the Total Amount. To Break it Down to a Daily Rate $ 19,216.62 through 8/31/23

Submitted by Plaintiff

Lyle M. Hanzlick

P.O. Box 86981

Tucson, AZ

85754-6981

Ph 520 275 3918



DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
WASHINGTON, D. C. 20250

1983

Honorable Bruce Babbitt
Governor of Arizona
Phoenix, Arizona 855007

Dear Governor Babbitt:

We have completed our review of your request for a disaster designation to make Farmers Home Administration (FmHA) emergency (EM) loans available in the five Arizona counties listed below. Your request was based on production losses sustained in the counties due to excessive rainfall during November and December 1982.

The Damage Assessment Reports (DARs) for the five counties have been carefully evaluated to determine the extent of damage sustained. Based upon information in the DARs, we have determined that the number of producers sustaining losses in Maricopa and Graham Counties was sufficient to warrant a Secretarial disaster designation. Accordingly, by copy of this letter, we are notifying the FmHA Administrator to immediately make EM loans available to eligible applicants in Maricopa and Graham counties.

The DARs for Cochise, LaPaz, and Pinal Counties indicate that fewer than 10 percent of the farmers in each of these counties were substantially affected. Therefore, the FmHA Administrator, by separate action under authority delegated to him, is making EM loans available to eligible applicants in Cochise, LaPaz and Pinal Counties.

Sincerely,

JOHN R. BLOCK
Secretary

September 1, 2022

In Annual Review of USDA/FCIC Cotton Insurance Policy 04-003-6285 CY 82
Stage II Loss on 37.1 Acres
Initial Claim September 1, 1982   $ 8,152.73
This Claim is Within a Declared Cotton Disaster Area

| YEAR | INTEREST | TOTAL |
|---|---|---|
| September 1, 1983 | $ 1,712.07 | $ 9,864.80 |
| September 1, 1984 | $ 2,071.61 | $ 11,936.41 |
| September 1, 1985 | $ 2,506.65 | $ 14,443.06 |
| September 1, 1986 | $ 3,033.04 | $ 17,476.10 |
| September 1, 1987 | $ 3,669.98 | $ 21,146.08 |
| September 1, 1988 | $ 4,440.68 | $ 25,586.70 |
| September 1, 1989 | $ 5,373.22 | $ 30,959.98 |
| September 1, 1990 | $ 6,501.60 | $ 37,461.57 |
| September 1, 1991 | $ 7,866.93 | $ 45,328.50 |
| September 1, 1992 | $ 9,518.99 | $ 54,847.49 |
| September 1, 1993 | $ 11,517.97 | $ 66,365.46 |
| September 1, 1994 | $ 13,936.75 | $ 80,302.21 |
| September 1, 1995 | $ 16,863.46 | $ 97,165.67 |
| September 1, 1996 | $ 20,404.79 | $ 117,576.46 |
| September 1, 1997 | $ 24,689.80 | $ 142,260.26 |
| September 1, 1998 | $ 29,874.65 | $ 172,134.91 |
| September 1, 1999 | $ 36,148.33 | $ 208,283.24 |
| September 1, 2000 | $ 43,739.48 | $ 252,022.72 |
| September 1, 2001 | $ 52,924.71 | $ 304,947.49 |
| September 1, 2002 | $ 64,038.97 | $ 368,986.46 |
| September 1, 2003 | $ 77,487.16 | $ 446,473.62 |
| September 1, 2004 | $ 93,759.46 | $ 540,233.08 |
| September 1, 2005 | $ 113,448.94 | $ 653,682.02 |
| September 1, 2006 | $ 137,273.22 | $ 790,955.24 |
| September 1, 2007 | $ 166,100.60 | $ 957,055.84 |
| September 1, 2008 | $ 200,981.72 | $ 1,158,037.56 |
| September 1, 2009 | $ 243,187.89 | $ 1,401,225.45 |
| September 1, 2010 | $ 294,257.34 | $ 1,695,482.80 |
| September 1, 2011 | $ 356,051.39 | $ 2,051,534.20 |
| September 1, 2012 | $ 430,822.18 | $ 2,482,356.40 |
| September 1, 2013 | $ 521,294.84 | $ 3,003,651.24 |
| September 1, 2014 | $ 630,766.76 | $ 3,634,441.80 |
| September 1, 2015 | $ 763,232.78 | $ 4,397,674.58 |
| September 1, 2016 | $ 923,511.66 | $ 5,321,186.24 |
| September 1, 2017 | $1,117,449.11 | $ 6,438,635.35 |
| September 1, 2018 | $1,352,113.42 | $ 7,790,748.77 |
| September 1, 2019 | $1,636,057.24 | $ 9,426,806.01 |
| September 1, 2020 | $1,979,629.26 | $11,406,435.27 |
| September 1, 2021 | $2,395,351.41 | $13,801,786.68 |
| September 1, 2022 | $2,898,375.20 | $16,700,161.88 |

**TOTAL DUE**   **$16,700,161.88**

U. S. DEPARTMENT OF AGRICULTURE
FEDERAL CROP INSURANCE CORPORATION
FINANCIAL OPERATIONS BRANCH
SPECIAL COLLECTIONS
9435 HOLMES AVENUE
KANSAS CITY, MISSOURI 64131

May 10, 1989

Lyle M. Hanzlick
P.O. Box 140
Willcox, Arizona 85643

Dear Mr. Hanzlick:

Subject: Claim of Federal Crop Insurance Corporation
Policy Number 04-003-06285
Amount Owing: $993.31 - 1982 Crop Year

In response to your letter dated March 21, 1989, the Corporation insured 96 units of Cotton in Cochise County, Arizona, for the 1982 crop year, and indemnified 66 of those units. Our records indicate that your claim was the only one rejected for the 1982 crop year in Cochise County for "failure to follow recognized good farming practices" as provided in the applicable policy.

As expressed previously, your administrative appeal rights have been exhausted regarding this debt.

Sincerely,

Linda K. Kaye

LINDA K. KAYE, Chief
Receipts and Expenditures Section

FORM APPROVED BY OFFICE OF MANAGEMENT & BUDGET NO. 40-R3230
UNITED STATES DEPARTMENT OF AGRICULTURE
Federal Crop Insurance Corporation

# FIELD INSPECTION AND CLAIM FOR INDEMNITY
## TOBACCO – PEANUTS – COTTON

(See Reverse Side of Form for Statement Required by the Privacy Act of 1974)

PART I – NOTICE OF DAMAGE

Lyle M. Howzle[illegible] — 04-003-0678
Unit No. 1 — Crop: Cotton — Crop Yr. 1982

None

8/6/82

PART II – ACREAGE APPRAISED, APPRAISED PRODUCTION AND ADJUSTMENT

Hail 165 Cold weather

No Harvest

| Field No. | Acres Appr. | Final Acres Whole | Tenths | Area No. | Insured Share | Practice | Type Class Variety | Stage | Intended or Final Use | Potential | Value Per Pound | Local Market Price | $ Value Not in Count |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 37 | 1 | 5 | 1.000 | I-SP | | 2ND | Solid fill | 0 | | | |

37 TOTAL ACRES 37.1

PART III – HARVESTED PRODUCTION – COTTON

PART IV – HARVESTED PRODUCTION – PEANUTS – TOBACCO

REJECTED

57 NARRATIVE

this area had unusually cool weather during the months of [illegible]
also received hail [illegible] 7/6/82

58. STALK INSPECTION — Row width | Tractor row | Est. yield | Leaf Quality

CERTIFICATION, CLAIM AND RELEASE OF CLAIMANT

Determined amount & cause of damage ... CIRCLE ONE: YES NO

SEP 07 1982

Lyle M. Howzle — 9/1/82

**CERTIFICATE OF SERVICE**

Undersigned Plaintiff Hereby Certifies that One Original was Filed with the Court and One Copy of the Foregoing Brief was Served Upon the Defendant by UPS 2 Day on February 21, 2023

Submitted by Plaintiff

Lyle M. Hanzlick

P.O. Box 86981

Tucson, AZ

86754-6981

Ph 520 275 3981

February 21, 2023