**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lyle M Hanzlick, | No. CV-23-00087-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Tom Vilsack, | |
| Defendant. | |

On February 21, 2023, Plaintiff initiated this action by filing a Complaint and paying the filing fees. (Docs. 1, 2.) On July 24, 2023, the Court issued an Order finding that Plaintiff failed to complete service upon the United States in compliance with Federal Rule of Civil Procedure 4(i)(1)-(2). (Doc. 12 at 2.) The Order further found that proof of service had not been made to the Court by the server's affidavit according to Rule 4(l)(1). (*Id.*) The Court ordered Plaintiff to file a response showing good cause for an extension of the time limit for service under Federal Rule of Civil Procedure 4(m). (Doc. 12.)

On August 18, 2023, Plaintiff filed a Reply to the Court's Order stating, "Plaintiff has filed all documents in paper form in person at the Clerk's Office." (Doc. 13 at 1.) Plaintiff asserts that the Clerk's Office "scans the case documents to make them electronic and under normal administrative action forwards them where they need to go." (*Id.*) Plaintiff claims that "once case documents have changed to electronic[,] the affidavit of service is no longer needed." (*Id.*) Plaintiff states that he believes the United

States Attorney "received and reviewed" the summons and Complaint before March 1, 2023. (*Id.*)

Plaintiff filed his Complaint against United States Secretary of Agriculture Tom Vilsack in his official capacity. (Doc. 1.) Federal Rule of Civil Procedure 4(i)(2) governs service of process upon federal officials and provides, in pertinent part:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must comply with the following provisions of Rule 4(i)(1):

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

"Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

The docket does not reflect that Plaintiff has completed service upon the United States in compliance with Rule 4(i)(1)-(2). Specifically, Plaintiff has failed to serve the United States Attorney and Attorney General as Rule 4(i)(1) outlines. Furthermore, proof of service has not been made to the Court by the server's affidavit according to Rule 4(l)(1).[1] The docket indicates Plaintiff has complied with a provision of Rule 4(i)(2) by

---

[1] The Court notes that Plaintiff filed an Affidavit of Service from a Pima County Superior Court case. (Doc. 11 at 2.) In this filing, Plaintiff claims that Defendant has "waived

- 2 -

sending a copy of the summons and Complaint by registered or certified mail to the Department of Agriculture. (*See* Doc. 6.) However, Plaintiff's apparent compliance with that provision does not excuse his failure to properly serve the United States pursuant to Rule 4(i)(1).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The "court must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to timely effect service. *Id.*

The Court previously warned Plaintiff that if his response to its Order to Show Cause did not show good cause for an extension of the time limit for service under Federal Rule of Civil Procedure 4(m), this action would be dismissed. (Doc. 12.) Plaintiff's Response (Doc. 13) does not show good cause for extending the time limit for service. Plaintiff's assertions that service "was accomplished electronically" and "the affidavit of service is no longer required" once the "documents have changed to electronic" form are not supported by the docket or the Federal Rules of Civil Procedure. (*Id.* at 1.) Accordingly, this action will be dismissed without prejudice.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

proper service" and requested all service be mailed. (*Id.* at 1.) The Court will disregard Plaintiff's Affidavit of Service because it pertains to a different case. The Court will also disregard Plaintiff's assertion that Defendant has waived service because the docket in this case does not indicate such.

**IT IS ORDERED** that the above-entitled action is **dismissed without prejudice** for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

Dated this 25th day of October, 2023.

_____
Honorable Rosemary Márquez
United States District Judge